IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL MOORE, | : | |
|     Petitioner | : | No. 1:15-cv-503 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN SPAULDING, | : | (Magistrate Judge Carlson) |
|     Respondent | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Carlson, (Doc. No. 12), in which he recommends that the Court dismiss Petitioner's petition for writ of habeas corpus. For the reasons that follow, the Court will adopt Magistrate Judge Carlson's Report and Recommendation.

**I.   BACKGROUND**

On February 18, 2015, Petitioner Samuel Moore, a prisoner incarcerated at the United States Penitentiary, Allenwood, pursuant to a District of Columbia parole violation, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.S. §2241. (Doc. No. 1 at 1.) While on parole from a 1974 conviction for armed robbery in the District of Columbia, Petitioner was convicted of armed robbery and kidnapping by the State of Maryland in 1995. Id. at 2. Because of the 1995 conviction, the D.C. Board of Parole filed a parole violation warrant detainer against Petitioner while he was in prison for the Maryland kidnapping. This warrant was executed on August 9, 2012. Id. On January 27, 2014, Petitioner received a revocation hearing regarding the violation of his District of Columbia parole, and was ultimately denied reparole despite Petitioner's appeals. Id. Petitioner then filed the instant habeas corpus petition alleging that his due process rights were violated by the 17 year delay in the execution of the parole warrant and

the subsequent delay of 541 days (17 months) between the execution of that warrant and the holding of a revocation hearing. Id. at 2-3.

On August 25, 2015, Magistrate Judge Carlson issued his Report and Recommendation, in which he recommended that the petition for writ of habeas corpus be denied because "a parole violator's due process rights are triggered by the execution of a warrant, not the lodging of a detainer" (Doc. No. 12 at 9) (citing Moody v. Daggett, 429 U.S. 78, 89 (1976)), and because Petitioner failed to demonstrate prejudice resulting from the delayed revocation hearing. Id. at 11. Although brought under 28 U.S.C. §2241, Magistrate Judge Carlson treated the petition as though it were filed under 28 U.S.C. §2254 because someone convicted by a District of Colombia court is considered a state prisoner. Id. at 6 (quoting Robinson v. Reilly, 340 F. App'x 771,773 (3d Cir. 2009)). Petitioner filed timely objections to parts of the Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. No. 14, 16.) This matter is now ripe for disposition.

## II. LEGAL STANDARD

A court considering a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 must determine whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."[1] 28 U.S.C. §2254. "[T]he conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards." Moody

---

[1] Although Petitioner filed his petition pursuant to 28 U.S.C §2241, it will be treated as if it had been filed under 28 U.S.C. §2254, because a person who is convicted by a District of Colombia court is considered a state prisoner, and state prisoners must face the more stringent requirements found under 28 U.S.C. §2254. Robinson v. Reilly, 340 F. App'x. 772, 773 (3d Cir. 2009); Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002).

v. Dagget, 429 U.S. 78, 85 (1976) (citing Morrisey v. Brewer, 408 U.S. 471 (1972)).  The necessary due process for revoking parole includes, at minimum:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey, 408 U.S. at 489.

The United States Court of Appeals for the Third Circuit has upheld a district court two-part test requiring that, to show that a delayed revocation hearing caused a due process violation entitling the petitioner to habeas relief, the petitioner must show that the delay in holding a revocation hearing was unreasonable and that the delay was prejudicial to legally protected interest.  Maslauskas v. U.S. Bd. of Parole, 639 F.2d 935, 938 (3d Cir. 1980).  Congress established that a revocation hearing must be held within ninety days of the date of retaking of the individual.  18 U.S.C. 4214(c).[2]  The legislative history of 18 U.S.C. 4214(c) further explains that the remedy for failing to have a revocation hearing within 90 days is a "mandamus action to compel a hearing, not release from custody."  Smith v. United States Parole Comm'n, 626 F. App'x 36 at 37 (3d Cir. 2015) (per curiam); see also  Smith v. United States, 577 F.2d 1025, 1028 (5th Cir. 1978) (quoting and analyzing relevant portions of the legislative history).

Additionally, 18 U.S.C. 4214(c) only bears on whether a delay is unreasonable; a petitioner must still show that he suffered prejudice.  See Smith, 577 F.2d at 1028.  To demonstrate prejudice as a result of a delayed revocation hearing, the petitioner must show a

---

[2] This provision has been repealed, but it still applies to parole violations of convictions that took place before November 1, 1987.

failure to protect the interests of a defendant in having a speedy trial. Maslauskas, 639 F.2d at 938. The three protected interests, outlined in Barker v. Wingo, 407 U.S. 514, 532 (1972), in a speedy trial are "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532. The Court notes that the last interest is the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id.

### III. DISCUSSION

**A. First Objection: Petitioner does have a liberty interest at stake**

Petitioner asserts, and the Court agrees, that the petitioner has a liberty interest at stake which entitles him to due process rights in the revocation hearing process. There is no doubt that a parolee is afforded due process safeguards through the Due Process Clause of the Fourteenth Amendment that are specifically directed at protecting the parolee's liberty interest. Moody v. Dagget, 429 U.S. 78, 85 (1976) (citing Morrisey v. Brewer, 408 U.S. 471 (1972)). Magistrate Judge Carlson also agreed with this point in his Report and Recommendation as evidenced by his use of a due process analysis to determine whether the Petitioner's liberty interest was violated by the delay in holding a revocation hearing. (Doc. No. 12 at 10-14.)[3] Regardless, the fact that Petitioner has a protected liberty interest does not in itself entitle Petitioner to habeas corpus relief, because Petitioner must additionally show a violation of the due process protections of that liberty interest. Maslauskas v. U.S. Bd. of Parole, 639 F.2d 935, 938 (3d Cir. 1980).

---

[3] Perhaps the Petitioner meant to object to Magistrate Judge Carlson's discussion of the fact that a prisoner does not have a constitutionally protected right to be paroled. (Doc. No. 12 at 14). If this interpretation of the objection is accurate, it is irrelevant because the Petitioner was already paroled and thus any interest the Petitioner might have had in being paroled while still incarcerated is supplanted by the due process rights afforded to a parolee. Moody, 429 U.S. at 85 (citing Morrisey, 408 U.S).

**B. Second objection: 17 months is unreasonable**

Petitioner seeks to establish that his due process rights under the Fourteenth Amendment were violated based on the 17 month delay between execution of the warrant against him and the revocation hearing to which he was entitled under <u>Morrissey</u>, 408 U.S. at 489.  Petitioner asserts that the unreasonableness of the delay was overlooked by Magistrate Judge Carlson in his Report and Recommendation.  However, Magistrate Judge Carlson did appreciate the unreasonableness of the delay, because he noted that the delay exceeded the timeframe set out in the Parole Commission's operating procedures, that the delay of 17 months is "of significant duration," and that Petitioner met the burden of demonstrating a substantial delay.  (Doc. No. 12 at 10.)

The Court agrees with Petitioner and Magistrate Judge Carlson that the delay of 17 months is unreasonable because 18 U.S.C. 4214(c) establishes a 90 day deadline for holding a revocation hearing for that parolee following the service of the warrant.  If the hearing does not take place within that timeframe, the proper relief is to compel the hearing rather than to simply release the prisoner from custody.  <u>Smith v. United States Parole Comm'n</u>, 626 F. App'x 36 at 37 (3d Cir. 2015) (per curiam); <u>see also</u>  <u>Smith v. United States</u>, 577 F.2d 1025, 1028 (5th Cir. 1978). Therefore, absent a showing that the 17 month delay was prejudicial (addressed below), the mere fact that the there was an unreasonable delay in holding the revocation hearing only guarantees the Petitioner an immediate hearing.  <u>Smith</u>, 626 F. App'x at 37.  Petitioner has already been afforded a hearing, so he is entitled to no relief absent a showing of prejudice.

**C. Third Objection: 17 month delay was prejudicial to the Petitioner**

Petitioner also objects to Magistrate Judge Carlson's finding that there was no prejudice to Petitioner as a result of the 17 month delay in holding the revocation hearing.  Petitioner points to the fact that, at a revocation hearing, a parolee is afforded the right to present witnesses

and cross-examine adverse witnesses.  (Doc. No. 16 at 2.)  He reasserts the claim that the delay in holding the revocation hearing removed the opportunity for Petitioner to present witnesses favorable to him.  The witnesses, who were allegedly made unavailable by the delay, would purportedly provide an alibi for Petitioner on the night of the 1995 crime which resulted in this current parole revocation.  (Doc. No. 10-2 at 37.)  Petitioner presented that same alibi defense at trial; he was still convicted.

Petitioner attempts to show prejudice through one of the interests protected by Barker v. Wingo, 407 U.S. 514, 532 (1972), specifically the possibility that his defense was impaired due to his inability to present witnesses to support his alibi defense.  (Doc. No. 16 at 3.)  However, the Court agrees with Magistrate Judge Carlson's assessment that Petitioner is unable to demonstrate prejudice on the grounds that, "a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime."  Morrissey v. Brewer, 408 U.S. 471, 490 (1972) (dictum).[4]  In Petitioner's case, he was convicted despite presenting the alibi defense in the original 1995 trial.  Therefore, the testimony of the alibi witnesses at the revocation hearing for the purpose of mounting the same failed alibi defense would have been barred as a relitigation of an issue already determined in another forum.  Petitioner's ability to prepare his case was not impaired because the delay prevented witnesses from testifying at his revocation hearing.  Rather it was the content of the testimony that was problematic.  The alibi testimony would have been barred even had the revocation hearing taken place in a timely manner.

---

[4] Petitioner failed to point to any other witnesses or evidence, other than the alibi witnesses, that he was prevented from presenting at the revocation hearing, and therefore, the rule against relitigation bars all witnesses who were alleged to have been unavailable.

Even were it clear that the alibi witnesses had some value beyond relitigating an issue, Petitioner would still fail to satisfy Barker v. Wingo, 407 U.S. 514, 532 (1972). Although the death or disappearance of a witness results in obvious prejudice, and loss of memory by a witnesses can also be used to show prejudice, Petitioner has not shown that the witnesses actually became unavailable during the 17 month delay or that the transcripts of the witnesses' testimony at the original trial would not also have sufficed in place of live testimony to prevent any impairment of the defense. Barker, 407 U.S. at 532.

Although Petitioner has shown that the 17 month delay in holding the revocation hearing was unreasonable, his inability to demonstrate prejudice as a result of that delay is fatal to his claim under the Due Process Clause of the Fourteenth Amendment. It is clear that there must be both substantial delay and prejudice resulting from that delay for the claim to constitute a due process violation. Maslauskas v. U.S. Bd. of Parole, 639 F.2d 935, 938 (3d Cir. 1980).[5]

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Carlson's Report and Recommendation and dismiss the petition for writ of habeas corpus. An order consistent with this memorandum follows.

---

[5] Petitioner raises several other objections that have no effect on the outcome of the case. Petitioner objected to Magistrate Judge Carlson stating that Petitioner was serving "various sentences imposed by the District Of Columbia Superior Court." (Doc. No. 12 at 6). Although Petitioner is only serving one sentence, the error does not impact the substance of the Report and Recommendation. Petitioner also objects to Magistrate Judge Carlson's reference to Petitioner's conviction as a juvenile. Magistrate Judge Carlson actually wrote that Petitioner was "charged with attempted burglary as a juvenile. Id. at 2. This claim seems to be supported by the D.C. Institutional Revocation Prehearing Assessment which shows that Petitioner committed attempted burglary on 08/23/1970, one week before his seventeenth birthday. (Doc. No. 10-2 at 19.) Additionally, this objection has no impact on the adjudication of this case. Finally, Petitioner objects to the "Court's contention that the Petitioner is trying to get released early." (Doc. No. 14 at 3.) The Court is unable to find this contention in Magistrate Judge Carlson's Report and Recommendation and finds it to be without merit.